UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JLJ PRODUCTIONS LLC,<br><br>                  Plaintiff,<br><br>    v.<br><br>AMAZON.COM SERVICES LLC,<br><br>                  Defendant. | CASE NO. C25-1503JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court is Defendant Amazon.com Services LLC's ("Amazon") motion to dismiss Plaintiff JLJ Production LLC's ("JLJ") amended complaint. (MTD (Dkt. # 17); Reply (Dkt. # 27); *see also* Am. Compl. (Dkt. # 15).) JLJ opposes the motion. (Resp. (Dkt. # 22).) The court has considered the parties' submissions, the relevant

ORDER - 1

portions of the record, and the governing law. Being fully advised,[1] the court GRANTS in part and DENIES in part Amazon's motion.

## II. BACKGROUND

This case arises from Amazon's alleged breach of an agreement between the parties providing that Amazon would sponsor a fashion exhibition featuring a specialized "collection of clothing and accessories" created by emerging designers (the "Capsule"). (*See generally* Am. Compl.; *id.* ¶ 12.) In September 2022, the parties entered into a Main Services Agreement (the "MSA"). (*Id.* ¶ 11; Magliery Decl. (Dkt. # 18) ¶ 4, Ex. 3 ("MSA").) JLJ represents that it subsequently signed and began performance under a related Work Order (the "September Work Order") drafted by Amazon. (*Id.* ¶¶ 11-13; *see also* Danley Decl. (Dkt. # 23) ¶ 5, Ex. C ("September Work Order").) According to the September Work Order, (1) Amazon agreed to pay JLJ a total of $250,000: $100,000 upon execution of an agreement and $150,000 upon completion of the exhibition, and (2) the exhibition was scheduled to take place on November 3, 2022. (*Id.* ¶ 12.)

JLJ represents that by October 13, 2022, it had incurred approximately $40,000 of expenses associated with the Capsule and the exhibition, even though Amazon still had not formally signed the September Work Order. (*Id.* ¶ 16.) JLJ further represents that on October 14, 2022, the parties agreed to postpone the exhibition until December 7, 2022, and Amazon agreed to revise the September Work Order only to reflect the exhibition's new date. (*Id.* ¶ 17.) Amazon, however, purportedly provided to JLJ a revised Work

---

[1] Neither party request oral argument. (*See* MTD; Resp.) The court concludes that oral argument is not necessary to decide the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

Order that "contained numerous, onerous substantive changes from the [September Work Order]" (the "Revised Work Order"). (*Id*. ¶ 20.) For example, the Revised Work Order purportedly gave Amazon the right to reproduce artworks included in the event, added a provision requiring JLJ to return all monies paid to it by Amazon if Amazon decided to terminate the agreement, and gave Amazon the right to use JLJ's likenesses for any purpose whatsoever in perpetuity. (*See id*. (describing Amazon's proposed terms under the Revised Work Order).) JLJ alleges that it (1) refused to sign the Revised Work Order because "it contained commercially unreasonable terms which were never discussed, let alone agreed to[;]" (2) demanded immediate payment of the $100,000 due it; and (3) advised Amazon that, in reliance on Amazon's assurances, it had incurred approximately $100,000 in out-of-pocket expenses in connection with the exhibition and the Capsule. (*Id*. ¶¶ 21-22.) Amazon ultimately refused to sponsor the exhibition. (*Id*. ¶ 24.) JLJ proceeded with the exhibition and the Capsule on December 7, 2022, both of which it self-funded. (*Id*. ¶¶ 26-27.) To date, Amazon has refused to pay any monies to JLJ. (*Id*. ¶ 28.)

On August 8, 2025, JLJ filed the instant suit in this court. (*See* Compl. (Dkt. # 1).) JLJ filed an amended complaint on September 2, 2025, bringing claims for breach of contract and fraud and seeking damages. (Am. Compl. at 7-9.) Amazon moved to dismiss the case on September 23, 2025. (*See* MTD.) Amazon's motion is now fully briefed and ripe for consideration.

## III.  ANALYSIS

The court first sets forth the relevant standard of review and then turns to Amazon's motion to dismiss.

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6); *see also* Fed R. Civ. P. 8(a)(2) (requiring that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief").  Under this standard, the court construes the allegations in the complaint in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the claim contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The court "is to take all well-pleaded factual allegations as true and to draw all reasonable inferences therefrom in favor of the plaintiff."  *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998) (citation omitted).

### B.  Requests for Judicial Notice

Each party asks the court to take judicial notice of certain documents.  (Defs. RJN (Dkt. # 19); Pls. RJN (Dkt. # 24).)  On a motion to dismiss, a court may consider

materials outside the complaint "if they fall within the exceptions to the general rule that a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Wilson v. Playtika, Ltd.*, 349 F. Supp. 3d 1028, 1041 (W.D. Wash. 2018) (cleaned up and internal quotation marks omitted) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).  There are two exceptions to this rule.  First, a court may consider material submitted as part of the complaint or material under the incorporation by reference doctrine which "permits a court to consider a document 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1162-63 (9th Cir. 2019) (citing *United States v. Ritchie*, 342 F.3d 902, 908 (9th Cir. 2003)).  Second, a court may take judicial notice of matters of public record.  *See Mack v. S. Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).  Matters of public record generally include those matters that "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (concluding that court filings are considered matters of public record of which courts generally take judicial notice).  Trial courts do not abuse their discretion by refusing to judicially notice unauthenticated documents.  *See Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 639 (9th Cir. 2002) (so concluding).

Here, Amazon asks the court to take judicial notice of four documents filed in the parties' prior New York trial court litigation[2]: the complaint, an affidavit, and two exhibits. (*See generally* Magliery Decl., Exs. 1-4). JLJ does not oppose Amazon's request for judicial notice. (*See generally* Dkt.) Because these documents are court filings, the court grants Amazon's request to take judicial notice of these documents.

JLJ, meanwhile, asks the court to take judicial notice of seven documents in support of its opposition to Amazon's motion to dismiss: (A) Amazon's brief filed in the parties' prior New York appellate court litigation[3] (Danley Decl. ¶ 3, Ex. A.); (B) an email from Amazon employee Madeline Roszko dated October 5, 2022 (Danley Decl. ¶ 4, Ex. B); (C) Work Order and DocuSign confirmation executed on September 30, 2022 (September Work Order); (D) an email from Ms. Roszko dated September 30, 2022 (Danley Decl. ¶ 6, Ex. D); (E) an email from Ms. Roszko dated October 13, 2022 (Danley Decl. ¶ 7, Ex. E); and (F)/(G): Amazon's two memoranda of law previously filed in the New York appellate court litigation (Danley Decl. ¶¶ 8-9, Exs. F & G).

Amazon does not dispute that JLJ's Exhibits A, C, F, and G are appropriate for judicial notice. (*See* Pls. RJN Opp. (Dkt. # 29).) Amazon argues, however, that the court should refuse to incorporate by reference the three emails purportedly sent by Ms. Roszko because (1) JLJ has not established that the emails are central to JLJ's claims, and (2) JLJ's counsel "is not a recipient of any of the emails" and "thus is not competent to

---

[2] *JLJ Productions, LLC v. Amazon.com Services LLC*, No. 650943/2023, 2024 WL 5166819 (N.Y. Sup. Ct. Dec. 13, 2024).

[3] *JLJ Productions, LLC v. Amazon.com Services LLC*, 233 N.Y.S.3d 55, 56 (N.Y. App. Div. 2025) (No. 2025-00217).

testify that the exhibits are true and correct copies of the emails." (*See id.* at 2 (internal quotation marks omitted).) The court agrees with Amazon.

The court denies JLJ's request that it consider Exhibits B, D, and E. Relying on the incorporation-by-reference doctrine, JLJ asserts that each of these exhibits is a "true and correct" copy of the original email. (*See* Danley Decl. ¶¶ 4, 6, 7.) This argument fails, however, because (1) JLJ's counsel is not competent to testify to the authenticity of emails for which he was not a recipient, and (2) the emails have not otherwise been authenticated such that the court may take judicial notice of them. (*See* Danley Decl., Exs. B, D, E (showing Counsel Delaney is not a recipient of the emails).) Thus, the court declines to take judicial notice of Exhibits B, D, and E.

C.     **Amazon's Motion to Dismiss**

Amazon argues that the court should dismiss this case because JLJ fails to state a claim for breach of contract or for fraud. (*See generally* MTD.) JLJ argues that the September Work Order is a binding agreement and that it has adequately alleged fraud. (*See generally* Resp.) The court considers the parties' arguments below.

1. <u>JLJ states a claim for breach of contract.</u>

Amazon argues that JLJ fails to state a claim for breach of contract because (1) Amazon never signed the September Work Order and, (2) because JLJ "rejected the terms under which Amazon would agree to sponsor the event in December[,]" there was no meeting of the minds. (MTD at 5-6.) JLJ counters that the September Work Order is a binding agreement and that Amazon should be judicially estopped from asserting that

the September Work Order is not binding on both parties. (Resp. at 4-7.) The court considers each of the parties' arguments in turn.

To state a claim for breach of contract, JLJ must plausibly allege: (1) the existence of a contract; (2) material breach; and (3) damages. *St. John Med. Ctr. v. State ex rel. Dept't of Soc. & Health Servs.*, 38 P.3d 383, 390 (Wash. Ct. App. 2002) (citing *Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995)). The parties do not dispute that they entered into a valid contract when they executed the MSA. (*See* MTD at 6 (citing Am. Compl. ¶ 11); Resp. at 1; MSA) Rather, they dispute whether the September Work Order is binding under the terms of the MSA. (*See* MTD at 6-7; Resp. at 5-7.) Amazon argues that the September Work Order is not a binding contract because "the parties never came to an agreement as to its terms" and "Amazon never signed it." (MTD at 6 (citing Am. Compl. ¶ 16).) JLJ argues, in pertinent part, that it satisfied the MSA's requirements for the September Work Order to bind both parties. (Resp. at 7-10.) The court agrees with JLJ.

Section 3 of the MSA defines an "Order" as either a purchase order or a work order and specifically sets forth that a work order is "any written order signed and issued by [Amazon] to [JLJ] for the purchase of Services under [the] Agreement." (MSA at § 3.1.) Section 3.2 of the MSA contemplates "Orders" that are not signed by Amazon, but are nevertheless binding on both parties. (*Id*. at § 3.2.) Under § 3.2, an order "is deemed to have been accepted and is binding on both parties[,]" if JLJ "(a) signs and returns [the order] to [Amazon]; (b) begins performance; or (c) acknowledges [the order] by e-mail, facsimile, or any other commercially reasonable means." (*Id*.) Amazon fails

ORDER - 8

to respond to JLJ's § 3.2 argument.  (Reply at 5 ("[B]ecause Amazon never signed the September [W]ork [O]rder, JLJ could not unilaterally make it binding on Amazon by signing it and beginning performance[.]")  Under Local Civil Rule 7(b)(2), "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."  Local Rules W.D. Wash. LCR 7(b)(2).  This rule also applies to the failure to respond to individual claims in a motion to dismiss.  *Hold Sec. LLC v. Microsoft Corp.*, 705 F. Supp. 3d 1231, 1245 (W.D. Wash. 2023) (compiling cases so holding).  Thus, the court finds that Amazon's failure to respond to JLJ's § 3.2 argument is an acknowledgement that the argument has merit, and concludes that JLJ plausibly alleges that the September Work Order is a contract that binds both parties.

Next, the court evaluates whether JLJ states a claim for breach of the September Work Order.  Mindful of its obligation at this stage of the proceeding to construe the allegations in the complaint in the light most favorable to JLJ, the court concludes that JLJ has plausibly alleged that Amazon breached the September Work Order by failing to pay JLJ and to sponsor the event.

First, it is undisputed that JLJ signed the September Work Order.  (Am. Compl. ¶ 13; *see* September Work Order at 5; *see generally* Resp.)  JLJ also plausibly alleges that it began performance under the terms of the September Work Order.  (*See* Am. Compl. ¶¶ 14, 16.)  The September Work Order details the scope of work, event date, and payment terms.  (*See* September Work Order §§ 2, 7.)  Thus, in light of § 3.2 of the

MSA, JLJ plausibly alleges that it entered into an agreement with Amazon to provide an exhibition and to create the Capsule. (*See* Am. Compl. ¶¶ 12-14; *see also* MSA § 3.2.)

Amazon argues that even if the September Work Order is a valid contract, "JLJ cannot establish Amazon breached the terms by failing to pay JLJ $250,000, because JLJ did not satisfy the conditions necessary for this payment." (MTD at 8-9.) Amazon asserts that JLJ breached the September Work Order because the agreement required the exhibition to occur on November 3, 2022, and it was delayed until December 7, 2022. (*See id*.) The court rejects this argument. JLJ has plausibly alleged that "the parties agreed to postpone the [date of the event] to December 7, 2022," to provide the "designers additional time to create the Capsule." (Am. Compl. ¶ 17.) Thus, the court concludes that, at this stage, the change of date from November 3, 2022, to December 7, 2022, is not material to the court's analysis.

Second, JLJ plausibly alleges that Amazon breached the September Work Order because Amazon failed to pay JLJ the $100,000 due it and JLJ incurred damages as a result. (*Id*. ¶¶ 22, 28.)

Because the court concludes that JLJ has plausibly alleged the breach of a binding agreement, the court need not address JLJ's arguments pertaining to judicial estoppel.

2. <u>JLJ fails to state a claim for fraud.</u>

Next, Amazon argues that JLJ fails to state a claim for fraud because JLJ does not plead essential elements of a fraud claim and thus does not satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. (*See, e.g.*, MTD at 9.) JLJ argues that it has satisfied Rule 9(b)'s pleading standard and sufficiently alleged all the necessary

elements of fraud.  (*See* Resp. at 10-12.)  The court considers the parties' arguments below.

Amazon argues that JLJ does not meet the heightened pleading standard for fraud because JLJ does not allege what was false or misleading about Amazon's alleged representations.  (*See* MTD at 10 (citing Am. Compl. ¶¶ 12, 14-16, 18).)  In response, JLJ relies on purported statements from the unauthenticated emails discussed above and argues that Amazon claimed to have executed the September Work Order and later refused to honor the terms of that agreement or acknowledge its existence.  (*See* Resp at 10 (citing Am. Compl. ¶¶ 14-15, 39).)  The court agrees with Amazon.

Generally, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(1)-(2).  "In alleging fraud or mistake," however, "a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  *Id.*  To satisfy Rule 9(b), "allegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'"  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)).  A plaintiff must allege the "who, what, when, where, and how" of the alleged misconduct, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citation omitted).

In Washington, to state a claim for fraud, a plaintiff must allege:

> (1) a representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person to whom it is made; (6) ignorance of its falsity on the part of the person to whom it is made; (7) the latter's reliance on the truth of the representation; (8) his right to rely upon it; (9) his consequent damage.

*Kirkham v. Smith*, 23 P.3d 10, 13 (Wash. Ct. App. 2001).

Here, JLJ has not plausibly alleged facts sufficient to state a claim for fraud. (*See generally* Am. Compl.) Although JLJ plausibly alleges that the parties entered an agreement and later disagreed about the terms of the revised agreement, it has not set forth facts sufficient to allege Amazon's falsity, knowledge of its falsity, or intent. (*Id.*) Thus, the court concludes that JLJ fails to state a claim for fraud.

    3. <u>The court grants leave to amend.</u>

JLJ requests leave to amend its fraud claim. (*See* Resp. at 12.) When granting a motion to dismiss, a district court is generally required to grant the plaintiff leave to amend, unless the complaint could not possibly be cured by the allegation of other facts. *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (noting that courts in the Ninth Circuit liberally construe Federal Rule of Civil Procedure 15(a) to allow leave to amend unless amendment would be futile). Here, the court concludes that amendment is not futile because the complaint could possibly be cured by the allegation of facts supporting the elements of falsity, knowledge of falsity, and intent. Therefore, the court grants JLJ leave to amend its fraid claim.

ORDER - 12

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Amazon's motion to dismiss (Dkt. # 17). The court ORDERS JLJ to file a second amended complaint that addresses the deficiencies identified in this order by **Friday, February 6, 2026 at 5:00 p.m. (PT)**.

Dated this 16th day of January, 2026.

JAMES L. ROBART
United States District Judge