UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JLJ PRODUCTIONS LLC, | CASE NO. C25-1503JLR |
| Plaintiff, | ORDER |
| v. | |
| AMAZON.COM SERVICES LLC, | |
| Defendant. | |

Before the court is Defendant Amazon.com Services LLC's ("Amazon") motion for reconsideration of the court's January 16, 2026 Order granting in part and denying in part Amazon's motion to dismiss Plaintiff JLJ Production LLC's ("JLJ") amended complaint.  (MFR (Dkt. # 31); *see* 1/16/26 Order (Dkt. # 30).)  The court has considered Amazon's motion, the relevant portions of the record, and the governing law.  Being fully advised, the court DENIES Amazon's motion.

A motion for reconsideration is an "extraordinary remedy . . . to be used sparingly[.]"  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)

ORDER - 1

(citation omitted). "Indeed, 'a motion for reconsideration [of a court's prior order] should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also* Local Rules W.D. Wash. LCR 7(h)(1) ("Motions for reconsideration are disfavored" and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.").

Amazon asserts that the court erred in denying its motion to dismiss JLJ's breach of contract claim because, according to Amazon, "to constitute a 'Work Order,' the Work Order *must* have first been signed by Amazon." (MFR at 1 (emphasis in original) (citing MTD (Dkt. # 17) at 6-7).) Amazon further contends that, the court failed to credit its complete response in favor of dismissal of the breach of contract claim. (*Id.* (stating that the court failed to acknowledge Section 1 of its reply brief).) The court disagrees with this characterization of its January 16, 2026 Order and denies Amazon's motion for reconsideration. First, in finding that JLJ states a claim for breach of contract, the court addressed Amazon's argument that unsigned Work Orders are not valid and binding on Amazon. (*See* 1/16/26 Order at 8-10.) Specifically, the court addressed § 3.2 of the Main Services Agreement ("MSA"), which "contemplates 'Orders' that are not signed by Amazon but are nevertheless binding on both parties." (*Id.* at 8.) At that stage of the proceedings, the court credited JLJ's argument that the September Work Order became

ORDER - 2

binding on both parties upon JLJ's acceptance.  (*See* MTD Resp. (Dkt. # 22) at 7-10.)  Second, in its reply, Amazon simply restated the same ineffective argument that it again raises in the instant motion for reconsideration: that the unsigned September Work Order cannot be binding on Amazon.  (MTD Reply (Dkt. # 27) (so arguing); MFR (same).)  The court again rejects this reading of the MSA and September Work Order for the reasons presented in its January 16, 2026 Order.  (*See* 1/16/26 Order at 7-10.)  Thus, because Amazon has not identified newly discovered evidence, clear error, or an intervening change in law that would justify reconsideration of the court's January 16, 2026 Order, the court DENIES Amazon's motion for reconsideration (Dkt. # 31).

Dated this 12th day of February, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 3